**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SHY Enterprises LLC, | No. CV-22-08020-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| RAMS Shopping Center LLC, et al., | |
| Defendants. | |

    Pending before the Court is the Stipulated Motion for Protective Order filed jointly by Plaintiff SHY Enterprises, LLC ("Plaintiff"), and Defendants Rams Shopping Center, LLC, and TKG Management, Inc. (collectively ("Defendants") (Doc. 22). Plaintiff and Defendants agree that entry of this Protective Order is necessary so that Defendants' confidential and proprietary information is not put at risk by its necessary disclosure within this litigation. Upon review, the Court finds that Section IV.C of the parties' proposed order (Doc. 22-1 at 5) should be stricken and replaced with Section II.E contained herein in compliance with Rule 5.6 of the Local Rules of Civil Procedure.  With this modification, the Court now issues the Protective Order.

    Accordingly, and with good cause appearing,

    **IT IS ORDERED** that the parties' Stipulated Motion for Protective Order (Doc. 22) is **GRANTED,** as modified by the Court.

    **IT IS FURTHER ORDERED** as follows:

//

## I.     FINDINGS AND DEFINITIONS

A.     The parties recognize that discovery in this matter may call for the production of materials containing confidential and proprietary business, research, development and/or other commercially or personally sensitive information and that the party producing such materials has a protected proprietary and property interest in those materials.

B.     When used in this Protective Order, the word "CONFIDENTIAL" means designated business, research, development, and other confidential and/or proprietary information.

C.     When used in this Protective Order, the term "CONFIDENTIAL MATERIAL" means all designated CONFIDENTIAL written materials, computer documents, operations documentation, financial records, commercial leases, answers to interrogatories, responses to requests for production, responses to requests for admissions, deposition transcripts, documents produced to any governmental agency or body at any time and deemed by that agency or body to be confidential, and all other designated tangible items which disclose CONFIDENTIAL INFORMATION. The term "CONFIDENTIAL INFORMATION" shall mean any information contained in CONFIDENTIAL MATERIAL.

D.     In order to designate a portion of any document or other printed material as CONFIDENTIAL, the party producing such material shall mark the designated pages of the material with the following legend:

> **CONFIDENTIAL- DISCLOSURE OF THIS INFORMATION IS SUBJECT TO A PROTECTIVE ORDER AND MAY ONLY BE USED IN THE CASE OF *SHY ENTERPRISES, LLC V. RAMS SHOPPING CENTER, LLC., et al.,* CASE NO. CV CV-22-08020-DJH, AND NOT FOR ANY OTHER PURPOSE WHATSOEVER.**

The Confidentiality legend shall be placed in a manner that does not cover, obscure, or impair the legibility of any information contained within the material. In order to designate a computer database, disc, compact disc, drive, or other electronically recorded material as

CONFIDENTIAL, the producing party shall mark the case or envelope containing the material with the word CONFIDENTIAL or apply the confidentiality legend set forth above. Documents printed from such electronic media shall be marked the same as documents originally produced on paper. In the case of a deposition or oral examination, counsel for any party may, during the deposition, designate on the record that testimony involving that party's CONFIDENTIAL MATERIAL or CONFIDENTIAL INFORMATION be held *as* CONFIDENTIAL, and the entire deposition transcript will be treated *as* CONFIDENTIAL until such counsel receives a transcript of the deposition and for 30 days thereafter. After receipt of the deposition transcript, the party on whose behalf the transcript was designated CONFIDENTIAL shall identify by page and line the portion of the material that the party intends to designate as CONFIDENTIAL in a written letter served to all counsel of record and court reporter within 30 days after receiving the written deposition transcript from the court reporter. Only the portions of the deposition transcript designated by the party during this time period shall remain CONFIDENTIAL. The parties stipulate that the court reporter or videographer for any such depositions will be given a copy of this Protective Order, will execute an acknowledgement thereof; and shall not disclose to anyone (other than the COVERED PERSONS as defined in Section I.E below) any deposition testimony or exhibits in this lawsuit.

E.  When used in this Protective Order, the term COVERED PERSONS includes only the following: (1) the Court and all Court personnel; (2) the named parties; (3) the named counsel of record for all parties in this litigation and their employees, to the extent reasonably necessary for such persons to render assistance in this litigation; (4) claims personnel or other representatives of the parties and/or their insurers; and (5) experts retained or consulted by counsel of record for any party to assist in the preparation, prosecution, or evaluation of this litigation

//

//

## II.   ORDER

**IT IS FURTHER ORDERED** that the following provisions shall apply in this litigation:

A.   Absent a further order of the Court, CONFIDENTIAL MATERIAL and CONFIDENTIAL INFORMATION, as described in Sections I.C and I.D, shall not be used for any purpose other than the prosecution or defense of this captioned action, and shall not be shown, disseminated or disclosed in any manner to anyone other than COVERED PERSONS without the prior written agreement of the party who designated such CONFIDENTIAL MATERIAL or CONFIDENTIAL INFORMATION as CONFIDENTIAL, or order of the Court after due notice to such party.

B.   Before showing or divulging any CONFIDENTIAL MATERIAL or CONFIDENTIAL INFORMATION to any COVERED PERSON other than the Court and Court personnel, the parties or their counsel shall first obtain from each such person a signed WRITTEN ASSURANCE in the form attached hereto as Exhibit "A." The parties or their respective counsel shall maintain a list of all such recipients of CONFIDENTIAL MATERIAL to whom this paragraph applies and the original of every WRITTEN ASSURANCE required pursuant to this paragraph. At the conclusion of the litigation, each of the parties shall forward to counsel for all other parties each and every signed WRITTEN ASSURANCE and a list of all recipients of CONFIDENTIAL MATERIALS; however, with regard to consultant(s) not identified as expert(s) in this matter, counsel need only provide a copy of the WRITTEN ASSURANCE redacted to remove any reference to the identity of the consultant(s); provided, however, that if any party has a good faith reason to believe that CONFIDENTIAL MATERIAL or CONFIDENTIAL INFORMATION produced in this case has been improperly disclosed in violation of this Order, then that party may either request that Counsel for any other party provide the WRITTEN ASSURANCES for non-disclosed consulting experts or may petition the Court to review the WRITTEN ASSURANCES.

C.   If any CONFIDENTIAL MATERIAL is filed with this Court, including any

pleading incorporating CONFIDENTIAL MATERIAL, the portion of such filing containing CONFIDENTIAL MATERIAL shall be filed in a sealed envelope on which the following legend shall prominently appear:

> (*SHY Enterprises, LLC v. Rams Shopping Center, LLC, et al., Case No. CV-22-08020-DJH*)
>
> <u>CONFIDENTIAL – This envelope contains confidential documents and information produced pursuant to Protective Order. It shall not be opened nor the contents thereof displayed or revealed except by the Order of this Court.</u>

D. CONFIDENTIAL MATERIAL may be introduced into evidence, if otherwise admissible, provided that it may only be done so during a hearing or trial when counsel for the party designating such material as CONFIDENTIAL MATERIAL is present, and the parties agree that confidentiality of the CONFIDENTIAL MATERIALS and CONFIDENTIAL INFORMATION shall continue to the maximum extent permitted by the Court, pursuant to such procedures as the Court may require.

E. If a party intends to file any designated document with the Court, such party shall first consult and follow the prescribed procedures set forth in Rule 5.6 of the Local Rules of Civil Procedure. Nothing in this Protective Order shall be construed as automatically permitting a party to file documents under seal.

F. If any party or person who has obtained CONFIDENTIAL MATERIAL under the terms of this Protective Order receives a subpoena or other legal process commanding the production of any such CONFIDENTIAL MATERIAL (the "Subpoena"), such party or person shall promptly notify counsel for the party designating such material as CONFIDENTIAL MATERIAL of the service of the Subpoena. The party or person receiving the Subpoena shall not produce any CONFIDENTIAL MATERIAL in response to the Subpoena without either the prior written consent of counsel for the party designating such material as CONFIDENTIAL MATERIAL, or an order of a court of competent jurisdiction. However, the party designating such material as CONFIDENTIAL MATERIAL shall have the burden of seeking a court order relieving the subpoenaed party

or person of the obligations of the Subpoena prior to the return date of the Subpoena, or the subpoenaed person or party shall be relieved of its obligations under this paragraph.

G. The inadvertent production in the course of discovery in this action of any document or information (whether designated as Confidential or not) shall not be deemed to waive the Confidential status of any CONFIDENTIAL MATERIAL or CONFIDENTIAL INFORMATION and whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or information shall remain intact as long as the party producing them, upon discovery of the inadvertent production, notifies the other party or parties of the claim of confidentiality, privilege or other protection or immunity.

H. Within 90 days after the final disposition of this lawsuit, by settlement, trial or appeal, counsel for each of the parties shall either (a) deliver to counsel for each other party that has designated material as CONFIDENTIAL MATERIAL all such CONFIDENTIAL MATERIAL including any copies (except those determined by the Court or agreed by the parties not to be CONFIDENTIAL) which have been disseminated to any COVERED PERSONS or (b) securely destroy the CONFIDENTIAL MATERIALS, including any copies (except those determined by the Court or agreed by the parties not to be Confidential) which have been disseminated to any COVERED PERSONS and certify such destruction to the producing party.

I. In the event counsel for any party, in good faith, disputes the designation of any document as CONFIDENTIAL he or she shall notify counsel for the party designating such material as CONFIDENTIAL MATERIAL in writing. The designating party may then seasonably apply to the Court for a determination that the document is or is not protected pursuant to this Protective Order. Until a final determination by the Court, any disputed document will be treated as CONFIDENTIAL MATERIAL pursuant to this Protective Order. Nothing in the Protective Order shall be construed to alter or shift the burdens of proof and persuasion as they apply to the assertion of privileges or exemptions from public disclosure.

J.     This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other statute or substantive law applicable to this case.

**IT IS FURTHER ORDERED** that at the conclusion of this lawsuit, the Court shall retain jurisdiction of this lawsuit for the enforcement of this Protective Order.

Dated this 7th day of December, 2022.

Honorable Diane J. Humetewa
United States District Judge

# EXHIBIT A

## WRITTEN ASSURANCE

I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order agreed to by the parties in the above-captioned matter. I understand the terms of said Protective Order and under oath consent to be bound by the terms of said Protective Order, as a condition to being provided access to the Confidential Material and Confidential Information furnished by the parties. Further, by executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Protective Order.

I recognize that all civil remedies for breach of this Agreement are specifically reserved by the parties and are not waived by the disclosure provided for herein. Further, in the event of the breach of this Agreement, I recognize that the parties may pursue all civil remedies available to it as a third-party beneficiary of this Agreement.

DATED: _____

_____
Name

_____
Firm

_____
Address

_____
Telephone Number

1  SUBSCRIBED AND SWORN TO ME THIS ____ day of _____, 20____.

_____
Notary Public

_____
My Commission Expires